FILED

JUN 30 2017

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

# UNITED STATES DISTRICT COURT

for the

Southern District of Illinois

William A White
)
)
)                        Case Number: ___17-683-JPG___
)                                    (Clerk's Office will provide)
)
*Plaintiff/Petitioner(s)*
v.                       )    ☐ CIVIL RIGHTS COMPLAINT
                         )    pursuant to 42 U.S.C. §1983 (State Prisoner)
~~United States of America~~   )    ☐ CIVIL RIGHTS COMPLAINT
                         )    pursuant to 28 U.S.C. §1331 (Federal Prisoner)
                         )    ☒ CIVIL COMPLAINT
                         )    pursuant to the Federal Tort Claims Act,
*Defendant/Respondent(s)*    )    28 U.S.C. §§1346, 2671-2680, or other law

**Federal Tort Claims Act**

## I.    JURISDICTION

Plaintiff:

A.    Plaintiff's mailing address, register number, and present place of confinement.

> William A White #13888-084
> United States Penitentiary -- Marion
> PO Box 1000
> Marion, IL 62959

Defendant #1:

B.    Defendant ___United States of America___ is employed as
                   (a)    (Name of First Defendant)

___Federal Government of the United States___
                   (b)         (Position/Title)

with ___750 Missouri Ave Rm 104, E St Louis 62201___
                   (c)    (Employer's Name and Address)

At the time the claim(s) alleged this complaint arose, was Defendant #1 employed by the state, local, or federal government?    ☒ Yes    ☐ No

If your answer is YES, briefly explain:

> I am suing the federal government of the United States.

(Rev. 7/2010)                        1

Defendant #2:

C.    Defendant _____is employed as

(Name of Second Defendant)

_____

(Position/Title)

with _____

(Employer's Name and Address)

_____

At the time the claim(s) alleged in this complaint arose, was Defendant #2 employed by the state, local, or federal government?   ☐ Yes    ☐ No

If you answer is YES, briefly explain:

Additional Defendant(s) (if any):

D.    Using the outline set forth above, identify any additional Defendant(s).

(Rev. 7/2010)                                    2

II.   PREVIOUS LAWSUITS

A.   Have you begun any other lawsuits in state or federal court relating to your imprisonment?                    ☒ Yes    ☐ No

B.   If your answer to "A" is YES, describe each lawsuit in the space below. If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper using the same outline. <u>Failure to comply with this provision may result in summary denial of your complaint.</u>

   Litigation history is attached
1.   Parties to previous lawsuits:
   Plaintiff(s):

      as attached

   Defendant(s):

      as attached

2.   Court (if federal court, name of the district; if state court, name of the county):
      as attached
3.   Docket number:
      as attached
4.   Name of Judge to whom case was assigned:
      as attached
5.   Type of case (for example: Was it a habeas corpus or civil rights action?):

      as attached

6.   Disposition of case (for example: Was the case dismissed? Was it appealed? Is it still pending?):

      as attached

7.   Approximate date of filing lawsuit:

      as attached
8.   Approximate date of disposition:
      as attached

LITIGATION HISTORY
------------------

c. 1997:    I sued four Montgomery County, Maryland, police officers for civil rights violations in the District of Maryland.  I received a small fine for procedural violations, but, lost the case.

c. 2005:    My counsel, Jack Kennett, on my behalf, sued three Housing and Urban Development employees in the Western District of Virginia under <u>Bivens</u>.  The Court eventually ordered it refiled as an FTCA claim;  Jack was appealing this when he died; I let the matter drop.

c. 2005:    Jack Kennett sued Bank of America, Citibank, and, Chase Bank, on my behalf;  a favorable settlement was reached.  This was also Western District of Virginia.

Dec    2007:    I was sued as a third party respondent in <u>United States v Henry</u>  ED Va Case No 07-cv-342.  A subpoena issued against me was effectively quashed.

Feb    2008:    I was charged with contempt in <u>In Re: White (United States v Henry)</u> 2013 US Dist LEXIS 133148 (ED Va 2013).  Charges were dismissed.

c. Jun 2008:    I was charged with contempt in the Western District of Virginia in a proceeding related to <u>United States v Henry</u>;  charges were dropped.

-1-

Jul 2008: I was subject to an adversarial proceeding in the United States Bankruptcy Court for the Western District of Virginia, Unnamed Citizen A (Annette Reddick) v White 410 BR 195 (Bankr WD Va 2008)

* to District Court as WD Va Case No 09-cv-0057

* judgment entered against me for $250,000 plus about $510,000 in attorney fees Unnamed Citizen A (Reddick)v White 2011 US Distr LEXIS 155395 (WD Va 2011)

* affirmed Unnamed Citizen A (Reddick) v White 468 Fed Appx 330 (4th Cir 2012)

-2-

Oct 17 2008:    I was charged in United States v White ND Ill

08-cr-054 with soliciting a felony against a

federal juror.

* charges were dismised United States v White

638 F Supp 2d 935 (ND Ill 2009)

* charges were reinstated United States v White

610 F 3d 956 (7th Cir 2010)

* I was convicted at trial Jan 5, 2011

* charges were dismissed United States v White

779 F Supp 2d 778 (ND Ill 2011)

* charges were reinstated United States v White

698 F 3d 1005 (7th Cir 2012)

* I was sentenced to 42 months imprisonment

February 20, 2013

* cert was denied White v United States 133 S Ct

1740, 185 L Ed 802 (2013)

* habeas was filed December 2013 ND Ill Case No

13-cv-9042

* habeas was denied May 5, 2016

* certified non-frivolous appeal of denial of

certificate of appealability denied Jan 2017

* Rule 60(b) filed Mar 2017, pending

* motion to recall the mandate filed Jul 1 2016

* denied Jul 14 2016

* certiorari denied Sep 2016

* motion for audita querela filed Jan 2017

* pending

-3-

threats, one count witness intimidation WD Va 08-cr-054.

* I was acquitted at trial of extortion, and, two threat counts; I was convicted of the lesser charge of witness tampering, and, three threat charges.

* Another threat count was dismissed April 10, 2010 United States v White 2010 US Dist LEXIS 35999 (WD Va 2010)

* I was sentenced to 30 months imprisonment April 10 2010

* remand for resentencing March 31, 2012 [United States v White 458 Fed Appx 228 (4th Cir 2011)]

* I fled the United States May 4, 2012

* I was arrested in Playa del Carmen, Mexico June 8, 2012

* I was sentenced to 10 months imprisonment for supervised release violations September 2012

* I was resentenced to 33 months imprisonment October 2012

* habeas was filed February 2013

* habeas was denied April 2013 White v United States 2013 US Dist LEXIS 52063 (WD VA 2013)

* upheld on appeal White v United States 536 Fed Appx 339 (4th Cir 2013)

* coram nobis was denied March 2015 United States v White 2015 US Dist LEXIS 35314 (WD Va 2015)

* upheld on appeal United States v White 608 F Appx 160 (4th Cir 2015)

* cert denied White v United States 136 S Ct 343 193 L Ed 2d 252 (2015)

-4-

* second or successive habeas denied Jan 2016
  4th Cir App No 15-423

* 2241 review granted, and, pending, SD Ill
  16-cv-1374 White v True

Sep-Nov 2010: I sued a halfway house, fees prepaid, in White v Secor, Inc 2010 US Dist LEXIS 117805 (WD VA 2010) This was dismissed as frivolous. It is my only strike.

Feb    2013:  I was charged with four counts of extortion in United States v White  WD Va 13-cr-013

* convicted of three counts of extortion, one of the lesser included offense of threats, Nov 2 2013

* sentenced to 92 months imprisonment May 1 2014

* direct appeal denied Jan 2016  United States v White 810 F 3d 212 (4th Cir 2016)

* cert denied May 5, 2016  White v United States 194 L Ed 2d 837 (2016)

* new trial denied June 27, 2016. White v United 2016 US Dist LEXIS 82896 (WD Va 2016)

  * reconsideration denied Apr. 28, 2017

  * appeal pending

* second motion for new trial denied May 31, 2017

  * appeal pending

* §2255 denied May 31, 2017

  * 59(e) pending    -5-

Nov 2013:   I was charged with five counts of extortion, and, one count of identify theft in MD Fl 13-cr-304

* convicted five counts of extortion, identify theft dismissed, sentenced to 210 months imprisonment Nov 2014

* direct appeal denied July 2016 <u>United States v White</u> 2016 US App LEXIS 12076 (11th Cir 2016)

* cert denied Oct 11, 2016

* 2255 pending MD Fl Case No:  17-cv-689

* motion for new trial denied June 12, 2017

* appeal pending

Jun 2014:   I filed <u>White v Berger</u> MD Fl 14-cv-936 alleging §1983-§1986, and, <u>Bivens</u> claims against US Marshals, Seminole County, Florida, and, two Seminole County, Florida, Sheriffs

* screened in part Jun 2014

* dismissed Jan 2015; <u>reversed</u>, reinstated Mar 2015

* claims disallowed at screening reinstated Jul 2015

* summary judgment for defendants Mar 2016

* district court finding of frivolity on appeal <u>reversed</u> Dec 30, 2016

* appeal pending 16-11606

Aug 2016:   FOIA suit filed as SD Ill 16-cv-948, <u>White v Department of Justice</u>

* PLRA screened Jun 2017

Aug 2016:   FTCA suit related to this claim filed, <u>White v United States</u> SD Ill 16-cv-968

* dismissed without prejudice in part Nov 22, 2016

* 59(e), and, rule 15, pend

-6-

Aug 2016:  FOIA suit filed as SD Ill 16-cv-971, <u>White v Office of</u>
          <u>the Federal Defender</u>

          *  still pending PLRA screening

Mar 2017:  Mandamus filed in 3rd Circuit, <u>In Re:  William White</u>

          *  denied Jun 2017 (requested relief received)

III.    GRIEVANCE PROCEDURE

A.    Is there a prisoner grievance procedure in the institution? ☒ Yes    ☐ No

B.    Did you present the facts relating to your complaint in the prisoner grievance procedure?                                                    ☒ Yes    ☐ No

C.    If your answer is YES,
       1.    What steps did you take?
             *    FTCA form filed February 12, 2016.
                  Claim No:  TRT-NCR-2016-02696
             *    refiled as TRT-NCR-2017-01631 on Dec 14, 2016
             *    repeatedly attempted to file with USMS
       2.    What was the result?

             *    BOP denied both claims

             *    remedy unavailable from USMS

D.    If your answer is NO, explain why not.

E.    If there is no prisoner grievance procedure in the institution, did you complain to prison authorities?                              ☐ Yes    ☐ No

F.    If your answer is YES,
       1.    What steps did you take?

       2.    What was the result?

G.    If your answer is NO, explain why not.

H.    Attach copies of your request for an administrative remedy and any response you received.  If you cannot do so, explain why not:

             attached as Exhibit A



U.S. Department of Justice
Federal Bureau of Prisons

*North Central Regional Office*

---

*Office of the Regional Counsel*

400 State Avenue
Tower II, Suite 800
Kansas City, KS   66101

OCT 07 2016

William A. White
Register No. 13888-084
USP Marion
P.O. Box 1000
Marion, IL   62959

Re:   Administrative Claim Number TRT-NCR-2016-02696
      Personal Injury:   $10,000,000.00

### CERTIFIED NUMBER 7016 0910 0000 2694 8001

Dear Mr. White:

Your above referenced tort claim has been considered for administrative review pursuant to 28 C.F.R. § 0.172, Authority: Federal Tort Claims and 28 C.F.R. Part 14, Administrative Claims Under Federal Tort Claims Act.

Pursuant to 28 U.S.C. § 2401(b), a tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal Agency within two years after such claim accrues.   You have indicated the dates of the incidents occurred on October 2008 and September 2010.   We received your claim on February 12, 2016.

As a result of this review, your claim is denied.   This memorandum serves as a notification of final denial under 28 C.F.R. § 14.9, Final Denial of Claim.   If you are dissatisfied with our agency's action, you may file suit in an appropriate U.S. District Court no later than six months after the date of mailing of this notification.

Sincerely,

Richard W. Schott
Regional Counsel

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: United States Marshals Service Office of General Counsel Washington DC 20530 - 1000 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code) William A Lunitze 13335-054 USD-Marion PO Box 1000 Marion IL 62959 |
|---|---|

| 3. TYPE OF EMPLOYMENT □ MILITARY  □ CIVILIAN | 4. DATE OF BIRTH — | 5. MARITAL STATUS M | 6. DATE AND DAY OF ACCIDENT 6/17/08 — 6/15 | 7. TIME (A.M. OR P.M.) continuing |
|---|---|---|---|---|

**8.** Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

The Court has ordered me to make a fourth attempt to submit the attached claim. I disagree with the Court's order and have moved for reconsideration. However, I claim the attached Second Amended Complaint in SD IL 16-20-2814

**9.** PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

**10.** PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

RES-Induced brain injury, Post-Traumatic Stress, related symptoms as described.

**11.** WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| | |

**12.** (See instructions on reverse.) AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| — | $10,000,000 | — | $10,000,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of person signing form | 14. DATE OF SIGNATURE 12/14/16 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109                               NSN 7540-00-634-4046                      STANDARD FORM 95
                                                                              PRESCRIBED BY DEPT. OF JUSTICE
                                                                              28 CFR 14.2

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: Bureau of Prisons North Central Regional Office 400 State Ave Tower II Suite 800 Kansas City, KS 66101 | 2. Name, Address of claimant and claimant's personal representative, if any. (See Instructions on reverse.) (Number, Street, City, State and Zip Code) William A Cormiter B13555-054 USP-Marion PO Box 1000 Marion IL 62459 |
|---|---|

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☐ CIVILIAN | 4. DATE OF BIRTH | 5. MARITAL STATUS M | 6. DATE AND DAY OF ACCIDENT 9/17/05 - 6/15 . | 7. TIME (A.M. OR P.M.) continuing |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

The Court has ordered me to resubmit to you the attached tort claim. I disagree with the courts order, and have moved for reconsideration However, I claim the attached Second Amended Complaint in SD Ill 16-cv-2514.

9. **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See Instructions on reverse side.)

10. **PERSONAL INJURY/WRONGFUL DEATH**

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

Res-ipsa loquitur brain injury, Post Traumatic Stress, related symptoms.

11. **WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| As attached | |

| 12. (See instructions on reverse.) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
| — | $10,000,000 | — | $10,000,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of person signing form | 14. DATE OF SIGNATURE 4/29/16 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109

NSN 7540-00-634-4046

STANDARD FORM 95
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2



**U.S. Department of Justice**
**Federal Bureau of Prisons**

*North Central Regional Office*

---

*Office of the Regional Counsel*

400 State Avenue
Tower II, Suite 800
*Kansas City, KS   66101*

MAY 1 9 2017

William White
Register No. 13888-084
USP Marion
P.O. Box 1000
Marion, IL   02959

Re:   Administrative Claim TRT-NCR-2017-01631
      Personal Injury:   $10,000,000.00

**CERTIFIED NUMBER 7016 0910 0000 2694 5390**

Dear Mr. White:

Your above referenced tort claim has been considered for administrative review pursuant to 28 C.F.R. § 0.172, <u>Authority: Federal Tort Claims</u> and 28 C.F.R. Part 14, <u>Administrative Claims Under Federal Tort Claims Act</u>.

Pursuant to 28 U.S.C. § 2401(b), a tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal Agency within two years after such claim accrues. Based upon our review, we have determined your client's claim is barred by the statute of limitations.

As a result of this review, your claim is denied. This memorandum serves as a notification of final denial under 28 C.F.R. § 14.9, <u>Final Denial of Claim</u>. If you are dissatisfied with our agency's action, you may file suit in an appropriate U.S. District Court no later than six months after the date of mailing of this notification.

Sincerely,

Richard M. Winter
Regional Counsel

STATEMENT OF THE CLAIM
---------------------

1) This is a claim against the United States of America pursuant to the Federal Tort Claims Acts for the following Illinois state torts under the continuing tort doctrine:

   a) Torture;

   b) Intentional infliction of physical injury;

   c) Negligent infliction of physical injury;

   d) Intentional infliction of serious emotional distress;

   e) Negligent infliction of serious emotional distress;

   f) General negligence, and, breach of duty of care;

   g) Loss of normal life;

   h) Any other tort that the Court can construe from a liberal reading of the facts of this pro se petition.

2) The injuries alleged occurred on a continuing basis between October 17, 2008, and, June 8, 2015. They were discovered on or about February 6, 2016.

3) There is some factual intersection between the narrative in this case, and, the facts alleged in MD Fl Case No 14-cv-936, currently pending on appeal before the Eleventh Circuit. MD Fl 14-cv-936 is a case for <u>Bivens</u> violations, and, this is a continuing tort case, not a case for the discreet injuries inflicted by the denial of civil rights in that matter. Thus these are separate causes of action.

4) This is primarily a claim for a physical Restricted-Environmental Stimuli ("RES") related brain injury manifesting psychiatrically as Post-Traumatic Stress Disorder. I have attached as <u>Exh G</u>   a law review article by Dr Stuart Grassian explaining the physical nature of this injury. The current

-5-

Seventh Circuit precedent for tolling of the statute of limitations for injuries of this nature is <u>Devbrow v Katz</u> 705 F 3d 705 (7th Cir 2013). <u>Devbrow</u> states that the statute of limitations for a physical injury requiring diagnosis by a medical professional begins to run when the injury is discovered, not when the symptoms of the injury first begin to manifest.  Because this is a case about a physical injury not discovered until 2016, and, a continuing tort ongoing until June 8, 2015, this case is timely.

5)   The Court, in SD Ill 16-cv-968, previously divided a similar claim into discreet torts for mental, and, emotional, injuries related to civil rights violations, and, found said claims time barred.  A Motion to Alter or Amend that judgment and, to Amend the complaint to a complaint substantial similar to this complaint, has been pending in that matter unadjudicated since November 30, 2016.  However, since the Court did not construe either continuing torts, or, any claim for physical injury, or, loss of normal life in that matter, and, because the Court's decision is not final, as Motion to Alter Amend, and, Motion to Amend still pend, the discreet torts dismissed with prejudice in that matter are not controlling in any way in this matter.

I hereby aver under penalty of perjury this 27th day of June, 2017, that the following is true to the best of my knowledge, and ability:

Background
-----------

6)      Prior to my arrest on October 17, 2008, I resided in Roanoke, Virginia, where I invested in real estate, and, owned a small publishing business.  In 2007, my gross cash flow was about $556,000.  In 2008, I filed a chapter 11 bankruptcy on some, but, not all, of my assets (which were segregated into limited liability companies).

7)      During the time in question I was involved in what I believed to be National Socialist political organizations, but, which I now know to be largely what the FBI calls "notionals", phony organizations created by the FBI to manage American political dissent.

8)      Because of my First Amendment protected associations, I was targeted by the Federal Bureau of Investigation, and, the Joint Terrorism Task Force.  One informant in this investigation, David Gletty, has written a book on his experiences, Undercover Nazi.

According to Gletty, this operation targeted "law abiding citizens for the most part, just convinced in their be-liefs."                    As Gletty describes it, "We were building the intellectual files of the FBI ... Hundreds of photographed faces, and, myriads of recordings, were contributing to the eradication of racial, and, religious, prejudice."

Gletty's job was to target law abiding groups, and, associations, and "take them down, and, disrupt them, anyway you can."

-5b-

9) The information contained in Gletty's book has since been affirmed by documents, including an internal FBI memo included in the 1/8/2010 performance evaluation of FBI-JTTF TFO Kelly Boaz.

10) This operation was, and, is, vast. Another informant involved was Harold Turner. Harold Turner was recruited by the FBI into the Joint Terrorism Task Force in 2003. United States v Turner Crim No 09-00650 (ED NY 2009). Essentially, the FBI-JTTF paid Turner to broadcast a radio program in New York City where Turner would call on his listeners to murder public officials. When listeners would call in to endorse his calls, Turner would turn them in to the FBI.

11) The relationship fell apart in 2007. Turner. Like Gletty, Turner is a cocaine addict. Turner became "out of control", and, was discharged as an informant. Turner. Turner then schemed to get his job back.

12) In September 2008, Turner contacted the United States Marshals. In Turner's words:

"I told the US Marshals Service about a problem in a courthouse down in Roanoke, Virginia. Got information that a guy named Bill White was building a truck bomb because he was going to get indicted there."

[Exh C    p 48]

The information was false, but, Turner, with two confederates, fooled the FBI. Turner specifically told the FBI that I was going to assassinate Barack Obama with a truck bomb on October 17, 2008, during a campaign stop in Roanoke.

-5c-

13) The FBI assigned a vehicle team, and, 24 hour a day surveillence to me, but, could find no evidence of a "truck bomb". Finding no evidence, instead of question Turner, the FBI-JTTF decided to arrest me, and, subject me to torture.

Induction Of The RES-Related Injury
------------------------------------

14) On October 17, 2008, I was arrested in ND Ill Case NO 08-cr-054 on charges of soliciting a felony against a federal juror by publishing the juror's address online. However, it was made very clear after my arrest that what the United States really wanted to know about was a truck bomb.

15) Because I didn't know anything about a truck bomb, I was subjected to sleep deprivation for a week. I was placed in a bare 7'x7' room with no exterior window under a constant bright light. I received no hygeine, no toothpaste, no soap, no shower, and, no change of clothes. I was deliberately deprived of sleep by a Roanoke City Sheriff who said that he was acting on the instructions of the US Marshals Service, and, that they knew what I had done, and, that I was going to die. I was informally asked about a plot to kill Obama, and, was formally questioned by the US Marshals Service with counsel present on October 22, 2008. Counsel did complain that day of my conditions to the Court, though he incorrectly stated that I had received a shower, and, a change of clothes. [Exh D]

16) I was detained, and, transferred to the MCC-Chicago. In transit, I was held in SHU housing. At the MCC-Chicago, where I arrived November 7, 2008, I was placed in cell 11-11 on the 11th

Floor, in the MCC-Chicago SHU. The cell that I was placed in was unheated, and, the outside temperature was -20° F. I was issued no linens, or, blankets. I soon began shivering so violently that I feared that I would die. I survived by wrapping a mattress around myself, that being the only object in the room. These conditions persisted for five days. During that period, and, during my entire time in the MCC-Chicago, I was informally asked about plots to kill Obama by staff.

17)    Before November 28, 2008, I was transferred to cell 11-13 (I believe; it may have been 11-15). On November 28, 2008, this cell was flooded with human feces from a nearby sewage drain. I was left in approximately 1" of human feces overnight, a period of over 24 hours.

18)    At some point between November 7, 2008, and, December 29, 2008, I was placed in cell 11-5, which was overrun with cockroaches. I was left in that cell for 21 days.

19)    During this period, I routinely witnessed extreme acts of violence against other inmates. Specifically, in one instance, I witnessed six correctional officers pick a man up from the recreation area, carry him to cell 11-1 (I believe), and, forcibly disrobe him, and, chain him to a concrete block, as the man, who was clearly mentally ill, screamed for help.

20)    At this point in time, I had no disciplinary issues.

21)    On December 29, 2008, after the US Marshals determined that Turner was lying, I was released from the SHU into general population.

22)    My charges in ND Ill 08-cr-054 were dismissed for lack of

-5e-

probable cause in July 2009, <u>United States v White</u> 655 F Supp 2d 935 (ND Ill 2009). At that time, I was already indicted in WD Va 08-cr-054, where I was eventually convicted of two counts of transmitting threats, and, one count of tampering with a witness. The threat charges are currently on §2241 review in SD Ill 16-cv-1374, <u>White v True</u>.

23)   I was sentenced to 30 months imprisonment in April 2010. I was then sent to FCI-Beckley, ariving no later than April 28, 2010. On, or, about, September 1, 2010, I was attacked in my cell by another inmate, and, charged with "201-Fighting". I was then placed in the FCI-Beckley SHU. While in the FCI-Beckley SHU, I was exposed to Restricted Environmental Stimuli ("RES").

24)   While exposed to RES at FCI-Beckley, I experienced altered perceptions in a way that is           characteristic of RES-induced brain injuries. These symptoms began in September 2010 when a large black sphere entered my cell, and, began to communicate in visions, causing me to believe that I was receiving messages from an evil deity. The appearance of black fuzzy objects combined with intrusive thoughts that appear to be communications is a common symptom of the onset of RES-related brain damage. see, eg <u>Madrid v Gomez</u> 889 F Supp 1148 (ND Ca 1995)

25)   During this period, the charges against me in ND Ill 08-cr-851 were reinstated. <u>United States v White</u> 610 F 3d 956 (7th Cir 2010). On December 9, 2010, I was placed into transit to MCC-Chicago. At this time, I had ceased to have regular sleep/wake cycles, was having regular visions, and, was losing my ability to communicate intelligently, all of which are symptoms of RES-indu-

uced psychosis. My family made FCI-Beckley aware of these problenms, as my letters home became incoherent, but, no action was taken.

26)     Dr Ostrov indicates that I developed a major psychiatric disorder during this period:

"Dr Corcoran's, and, Dr Daum's, evaluations are ... not indicative of Mr White presenting with any major psychiatric illness before ... 2010 ... His mother's, and, Mr Beers' [an attorney's], testimony indicate his suffering symptoms of a major mental illness thereafter."

Exh B p 24

27)     Further, Dr Ostrov notes that I am not malingering:

"Mr White tried his best to be forthcoming in the course of this evaluation. There is no issue in this case malingering, or, symptom exaggeration."

Exh B p 23.

28)     While at the MCC-Chicago, my RES-related brain damage worsened to the point where I spent 10 days nearly completely unresponsive in March 2011.
                                          At the end of this period, I developed excited delirium, cut my stomach, and, began writing on the walls in blood, causing me to be removed from the cell by a tactical team  without incident. This conduct is also characteristic of a RES-related brain injury.

29)     My charges in ND Ill 08-cr-851 were dismissed April 19,

-5g-

2011, United States v White 779 F Supp 776 (ND ILL 2011), I was released from custody in the midst of RES-related confusional psychosis, or, delirium, on April 20, 2011.

30)    After my release, as a result of my injury, I was unable to resume normal life. I closed my business, and, sought a divorce from my wife. I continued to be unable to sleep more than three hours a night, and, had visions, waking nightmares, and, other continuing symptoms of confusional psychosis, delirium, and, post traumatic stress. My mother has testified to one incident in which I attempted to flee the country while in the midst of a waking nightmare:

> "Beers: And, have you noticed any change for the good, or, not for the good, in Bill's demeanor, mental health, in the last several months?
>
> "C White: He actually left a call on my telephone one morning, about 6:00 o'clock [AM], which was very unusual. When no one -- this is not going on, he does not usually call at odd hours. I call him back. He said that he was having nightmares, and, having trouble waking up."

Exh E.

This incident occurred in September 2011. I began to flee

the United States in the midst of a waking nightmare. I drove 8-9 hours to Knoxville, Tennessee, before I woke up, and, returned to my home in Lexington, Virginia.

31)    I did flee the United States in May 2012, and, was arrested in Playa del Carmen, Mexico, on June 9, 2012.

Aggravation Of The Injury
------------------------

32)    While I was in Mexico, crimes were committed utilizing my identity. One set of crimes involved state officials in the Middle District of Florida. In September 2012, while I was in prison, an incident occurred at the home of the judge who was threatened.

33)    On May 13, 2014, I was transferred to the Seminole County Jail in Sanford, Florida. Hours after the US Attorney's Office was informed that I would not plea, and, that I did not know anything about the case, or, the attack on the judge, I was again subjected to torture. Specifically, I was placed in a 7'x7' room, without a window, and, subjected to a bright, constant, painful, light 24 hours a day. I was placed under 24 hour a day video surveillance, and, that video was broadcast throughout the jail, including to other inmates, and, to visitors. The purpose of the conditions was to punish through humiliation, and, pain. I had little access to hygeine. For three months, I received no outdoor recreation, and, was not allowed to either shave, or, cut my hair. As a result of this torture, I entered a dissociative state, and, did not eat, or, drink water, for seven days, until I was transferred to a medical unit. Seminole County says that these conditions were "per the US Marshals."

-5i-

34)    At this time,

I      had no disciplinary infractions in the Bureau of Prisons. [Exh. F] With the exception of a brief period in 2015, when my security points went up to "16" because of the Florida conviction, I have had the security point score of a "low" security inmate. [Exh F] Currently, I am designated "medium" security solely because of sentence length. [Exh F] There is no legitimate penological reason for me to have been subject to harsh conditions of confinement.

35)    In addition to the        abuses detailed above, I have also, despite my security score, been subjected to SHU housing, and, black box restraints in transit, for no legitimate penological reason. The pain, stress, and, continued RES of these conditions have continued the RES-related brain injury. In particular:

a) In approximately May 2009, I was placed in the SHU at MCC-Chicago. I had been studying to return to college, and, an inmate falsely claimed that my college papers were "designs for a bomb." I spent ten days in solitary confinement while the BATF conducted a "preliminary analysis" of my papers.

b) After my arrest June 8, 2012, in Mexico, upon arrival in Miami, Florida, June 9, 2012, I was housed in FDC-Miami. For most of the time that I was there, I was housed in the SHU without explanation. When I was transported to FTC-Oklahoma, I was housed in the SHU, and, black-boxed, also without explanation.

c) In transit from the "low" security FCI-Loretto to MCC-Chicago January 7, 2012, to January 14, 2013, at FTC-Oklahoma, I was housed in the SHU, and, black-boxed. The reason give was that I am a "sovereign citizen." I am not validated as a sover-

eign citizen, have never filed frivolous sovereign-style papers, and, am simply not a sovereign citizen.

d)  On arival at MCC-Chicago January 23, 2013, to January 26, 2013, I was housed in the SHU without explanation.  At that time, the SHU housed several mentally ill inmates, including two that I observed in cells 11-3, and, 11-5.  These inmates would disrobe, grab their feces, and, smear them on their door while dancing to rhythms created by other inmates.  They also masturbated frequently at female staff.  I was released from SHU January 26, 2013.

e)  I was placed in the SHU at FDC-Philadelphia without explanation June 10, 2013, to June 12, 2013.  From June 12, 2013, to June 19, 2013, I was placed in the SHU at the Federal Correctional Institution Petersburg, in Petersburg, Virginia, and, then, at the Virginia Central Regional Jail.

f)  From December 23, 2014, to January 9, 2015, I was black-boxed in transit, and, placed in the SHU at FTC-Oklahoma.  As a result of the black box, I suffered a wrist injury which took about two months to heal.  There, I was told that I had been validated as a "gang leader".  I had not actually been validated as a gang leader, and, I am not a gang leader.  The BOP would not identify what "gang".

g)  From January 9, 2015, to March 3, 2015, I was placed in the SHU at FCI-Loretto, and, on lockdown at USP-Canaan.  I was "returned" to Loretto by "mistake", and, was placed in the SHU pending redesignation.  However, I was taken to a restitution hearing in Florida before I was redesignated.

h)  April 21, 2015, to April 30, 2015, I was black-boxed in transit, and, placed in the SHU at FTC-Oklahoma.

-5k-

MCC-Chicago, I was black-boxed in transit.

Effects Of The Injury
----------------------

36) Until January 2017, I suffered from periodic incompetence, including delirium, dissociation, and, confusional psychosis. I also suffered from severe nightmares, and, waking nightmares, or, night terrors. I had severe trouble sleeping, and, was often sick during the day, and/or, forced to lie down for extended periods of time. I suffered from severe dysesthesia, and, an exaggerated startle response, as well. All are symptoms of the RES-related brain injury.

37) Since January 2017, I have had periodic, but, reduced, symptoms, including occassional physical inability to sleep for several days, anxiety, depression, and, milder dysesthesia, all as a result of the RES-related brain injury.

38) As a result of the injury, I am also socially averse, hyper-vigilant, and, have developed a withdrawn personality.

39) According to Dr Ostrov, some effects of the RES-induced brain injury are likely to be permanent. I am also more vulnerable to future, similar, injuries as a result.

Having so averred, I sayeth no more under oath.

William A White #13888-084
USP-Marion
PO Box 1000
Marion, IL 62959

-51-

V.    REQUEST FOR RELIEF

State exactly what you want this court to do for you. If you are a state or federal prisoner and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records, or parole), you must file your claim on a habeas corpus form, pursuant to 28 U.S.C. §§ 2241, 2254, or 2255. Copies of these forms are available from the clerk's office.

Nominal, and, compensatory, damages for each of the above torts, and, for any other tort that the Court can construe from a liberal reading of this pro se pleading. Punitive damages insofar as the United States is not immune. And, any other relief that the Court sees fit to grant.

VI.    JURY DEMAND (check one box below)

The plaintiff ☑ does ☐ does not request a trial by jury.

## DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions.

Signed on: ___6/28/17___
(date)

Signature of Plaintiff

USP. - Marion PO Box 1000
Street Address

William A White
Printed Name

Marion, IL 62959
City, State, Zip

#13888-084
Prisoner Register Number

_____
Signature of Attorney (if any)

9505 5116 0902 7180 0980 77

P

**INSURANCE INCLUDED** *

**PICKUP AVAILABLE**

* Domestic only

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.

This envelope is made from post-consumer waste. Please recycle - again.

FROM: William A White # 13888-084
United States Penitentiary - Marion
PO Box 1000
Marion IL 62959

TO:
⇔13888-084⇔
Clerk -- Us Dist Ct Sd Ill
750 Missouri AVE
Room 104
E Saint Louis, IL 62201
United States

RECEIVED
JUN 3 0 2017
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

P S 0 0 0 0 1 0 0 0 0 1 4

EP14F July 2013
OD: 12.5 x 9.5

**VISIT US AT USPS.COM**®
ORDER FREE SUPPLIES ONLINE


**UNITED STATES POSTAL SERVICE**®

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; July 2013; All rights reserved.





INSURED*

US POSTAGE PAID

$0.00

P

UNITED STATES
POSTAL SERVICE.

Retail



MAIL CLEARED
US MARSHALS

MAIL CLEARED
US MARSHALS

# FLAT RATE ENVELOPE
## ONE RATE ★ ANY WEIGHT*



PS00001000014

EP14F July 2013
OD: 12.5 x 9.5



UNITED STATES
POSTAL SERVICE®

* Domestic only.    × For International shipments, the maximum weight is 4 lbs.