## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILLIAM A. WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-20-0141-HE |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff William A. White, a federal prisoner appearing *pro se*,[1] filed a complaint asserting claims for intentional and negligent infliction of emotional distress against employees of the United States Marshalls Service ("USMS") and the Bureau of Prisons ("BOP"). All claims against the USMS have previously been dismissed. The claims transferred to this court are a single claim for intentional infliction of emotional distress ("IIED") and a single claim for negligent infliction of emotional distress ("NIED") against unnamed employees of the BOP at the Federal Transfer Center ("FTC") in Oklahoma City. The matter was referred to Magistrate Judge Suzanne Mitchell for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B) & (C). Defendant has moved to dismiss and plaintiff has moved to reinstate the two claims against the USMS. Judge Mitchell has issued a

---

[1] *Plaintiff was represented by appointed counsel at the time his Second Amended Complaint was filed in the U.S. District Court for the Southern District of Illinois. That court dismissed all claims against the USMS and transferred the remaining claims to the Western District of Virginia. That court severed those claims into three separate cases and transferred each case to a different venue for the convenience of the parties and in the interests of justice.*

Report and Recommendation recommending that the motion to dismiss be granted and the motion to reinstate the claims be denied. Plaintiff has objected to the Report which triggers *de novo* review.

Plaintiff's claims arise under the Federal Torts Claims Act. As an incarcerated felon, to recover for IIED or NIED, plaintiff must first make "a prior showing of physical injury." 28 U.S.C. § 1346(b)(2); *see also* 42 U.S.C. § 1997e(e), Perkins v. Kansas Dept. of Corrs., 165 F.3d 803, 807 (10th Cir. 1999) (Mental and emotional distress is not compensable "unless the plaintiff has suffered a physical injury in addition to mental and emotional harms." (quotations and citation omitted)). Plaintiff objects to the Report's recommendation that he has not suffered prior physical injuries sufficient to allow for the recovery due to the alleged mental distress.

Plaintiff's objections reiterate his allegations of prior physical injuries he alleges he suffered due to mental and emotional harms while incarcerated. He fails, however, to allege any physical harms connected with his stay at the FTC from April 21 to April 30, 2015. "Mental or emotional stress, without physical injury, is insufficient to state a § 1983 claim based on conditions of confinement." Moore v. Morris, 116 Fed. Appx. 203, 205 (10th Cir. 2004) (citing 42 U.S.C. § 1997e(e)). Accordingly, defendant's motion to dismiss must be granted.

The court also agrees with the Report that plaintiff's motion to reinstate counts 47 & 48 against the USMS must be denied. Those claims remain within the jurisdiction of the United States District Court for the Southern District of Illinois.

Finally, plaintiff has also filed a motion to supplement his second amended complaint with a psychological report completed after the filing of that complaint. The report focuses primarily on three specific instances of potentially traumatic experiences that may have contributed to a diagnosis of posttraumatic stress disorder. None of these instances, however, occurred at the FTC. Nor is there any substantive reference to his stay at the FTC within the report.

Accordingly, the Report and Recommendation is **ADOPTED**. Defendant's motion to dismiss [Doc. #97] is **GRANTED**. Plaintiff's Motion to Reinstate [Doc. #99] and Motion to Supplement [Doc. #105] are **DENIED**. This case is dismissed without prejudice.

**IT IS SO ORDERED**.

Dated this _20th_ day of November, 2020.

JOE HEATON
UNITED STATES DISTRICT JUDGE